UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| STEVEN D. GUNN, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.1:18CV457 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| E-VERIFILE.COM, INC., ET AL., | ) ) | OPINION AND ORDER |
| Defendants. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Motions to Dismiss for Lack of Personal Jurisdiction by Defendants BNSF Railway Co. (ECF # 17) and E-Verifile.com, Inc. (ECF # 25). Norfolk Southern Railway Co. has filed a Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim. (ECF # 28). For the following reasons, the Court denies Defendants' Motions but orders the case be transferred in its entirety to the Southern District of Mississippi for further adjudication.

## Plaintiff's Complaint

According to his Complaint, Plaintiff Steven D. Gunn ("Gunn") applied for employment with Railroad Controls, LP. ("RC"). RC is a contractor for Defendants BNSF

Railway Company "(BNSF"), Norfolk Southern Railway Company ("NS") and Canadian National Railway Company ("CN"). RC performs its work on property owned by the Defendant railroads. All potential and current employees of RC are required to be screened by Defendant e-Verifile.com, Inc. ("EV") before they are given access to Defendant railroad properties.

Gunn sought employment with RC in March of 2016. Defendant railroads hired EV to provide a background report on Gunn. EV purchased information concerning Gunn from Sterling Infosystems-Ohio, Inc. ("Sterling"). Based on the information provided by Sterling to EV, Gunn was denied access to the railroad properties and was denied employment with RC. According to Gunn, the information provided by Sterling to EV falsely labeled Gunn a convicted felon. In reliance on this false information, Gunn was denied employment with RC and access to the railroad properties. Gunn alleges RC and the Defendant railroads never provided him notice before taking the adverse action as required by 15 U.S.C. § 1681(b)(3). Gunn further alleges that Sterling failed to provide him notice that Sterling was furnishing a consumer report on employment as required under 15 U.S.C. § 1681k(a)(1). Such notice is intended to afford the subject of the report an opportunity to correct any misinformation. Sterling allegedly never gave Gunn the opportunity to do so.

Based on these alleged facts, Gunn asserts six claims for violations of the Fair Credit Reporting Act. 15 U.S.C. § 1681 *et seq.* During the pendency of the case, Gunn dismissed his claims against Sterling and CN.

**Defendant BNSF's Motion to Dismiss**

Gunn alleges one claim against BNSF at Count IV of the Complaint. BNSF moves to

dismiss Gunn's claim against it for lack of personal jurisdiction. According to BNSF, Gunn is a Mississippi resident who sought to work in a state other than Ohio. BNSF is a Delaware corporation with its principal place of business in Texas. It has no operations or property in Ohio. Gunn applied for employment with RC while he resided in Mississippi; and his prospective employment could not have been in Ohio because BNSF has no tracks in Ohio on which Gunn could have worked. Gunn's claim against BNSF did not arise in Ohio, neither did Gunn's alleged injury occur in Ohio. In short, there is no connection between BNSF's allegedly improper conduct and Ohio that would allow the Court to exercise personal jurisdiction over BNSF.

**EV's Motion to Dismiss for Lack of Personal Jurisdiction**

EV moves to dismiss Gunn's claim against it at Count II of the Complaint for lack of personal jurisdiction. EV contends Gunn is a Mississippi resident and EV is a Georgia corporation with its principal place of business in Smyrna, Georgia. None of the events giving rise to Gunn's claims occurred in Ohio and Gunn did not suffer an injury in Ohio. EV did not contract with Sterling Infosystems-Ohio but instead contracted with Sterling Infosystems, Inc., a New York-headquartered entity. EV has no property or employees in Ohio. It prepares its reports in its Georgia office, including Gunn's report. Gunn and EV communicated by letters sent between Georgia and Mississippi. Thus, nothing giving rise to the claims in Gunn's Complaint occurred in Ohio.

**NS's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim**

NS contends the Court lacks personal jurisdiction over it for the same reasons the

Court lacks personal jurisdiction over the co-Defendants. Gunn is a Mississippi resident, NS is a Virginia corporation with its principal place of business in Norfolk, Virginia. Gunn applied to work for RC in Mississippi. An EV report contained information that Gunn had a felony conviction. NS notified Gunn of the information. Gunn appealed the denial of access to NS property by submitting a letter from the Forrest/Perry County Adult Drug Court confirming Gunn's participation in the program and stating that his record would be expunged upon completion. Gunn's appeal was denied. None of these events took place in Ohio. According to NS, none of Gunn's claims arise from any act which occurred in Ohio, neither Gunn nor NS are residents of Ohio and Gunn suffered no injury in Ohio. Thus, the Court lacks personal jurisdiction over Gunn's claims against NS.

Furthermore, NS argues Gunn fails to state a claim against NS because the Fair Credit Reporting Act statute Gunn alleges NS violated applies only to consumer reports used for employment purposes. Gunn did not seek employment with NS, but rather with RC. Finally, Gunn's claim against NS cannot survive because he fails to allege NS acted willfully; and the only damages he seeks from NS require such a showing.

**Gunn's Opposition to Dismissal**

In his combined response to the Motions of Defendants, Gunn asks the Court to transfer the case to either Georgia or Mississippi, to permit jurisdictional discovery or to sever the case, sending it to each of Defendants' home venues.

Gunn acknowledges he is a Mississippi resident but decided to file suit in Ohio because Sterling is located here. Sterling allegedly provided the inaccurate information to EV from Ohio. However, Sterling has been dismissed from this case. Without Sterling, Gunn

4

concedes "there is at best a tenuous connection to Ohio." (Plaintiff's Combined Response, ECF #45 at 5). Therefore, Gunn argues that the Court should transfer the action to either Mississippi, Gunn's state of residence, or Georgia, as the Ohio District is the wrong venue and the action could have been brought in either of these proposed venues. Gunn further asserts that dismissal may foreclose his ability to pursue the claims since the applicable limitations period may have run. Gunn further concedes that this Court lacks personal jurisdiction over Defendants. (*Id.* at 9).

In Reply, EV asks the Court to dismiss the claims or, alternatively, to transfer the case to the Southern District of Mississippi where that court presumably has jurisdiction over all Defendants given that Gunn's residence there and that Mississippi is the place of Gunn's alleged injury.

BNSF and NS also ask the Court to dismiss, but in the alternative, ask for an order of transfer to the Southern District of Mississippi.

## **Standard of Review**

In deciding whether a court possesses personal jurisdiction over the parties, the court applies a two-step inquiry. "First, we must determine whether Ohio law authorizes jurisdiction. If it does, we must determine whether that authorization comports with the Due Process Clause of the Fourteenth Amendment." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*, 545 F.3d 357, 361 (6th Cir. 2008). Where personal jurisdiction is challenged, the plaintiff has the burden of establishing that personal jurisdiction exists. *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974). However, the nature of plaintiff's burden changes depending on the manner in which the district court approaches the motion.

*American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). When a court approaches a motion to dismiss for lack of personal jurisdiction based solely on written materials and affidavits, "the burden on the plaintiff is relatively slight, . . . and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal[.]" *Ampco System Parking v. Imperial Parking Canada Corp.*, No. 1:11CV1172, 2012WL1066784, at *2 (N.D. Ohio Mar. 28, 2012) (quoting *Air Prods., & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). Plaintiff need only establish jurisdictional claims with "reasonable particularity" and the pleadings and affidavits are construed in the light most favorable to plaintiff. *Id*.

The burden is on the plaintiff, however, to establish that jurisdiction exists and the plaintiff may not merely stand on his pleadings in the face of a properly supported motion for dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff must set forth specific facts showing that the court has jurisdiction. *Id*. Therefore, dismissal is proper only if all the specific facts alleged collectively fail to state a prima facie case for jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

Here, Gunn has conceded that the Court lacks personal jurisdiction over the remaining Defendants. Based on Gunn's concession and the evidence submitted, the Court finds it lacks personal jurisdiction over NS, EV and BNSF.

Gunn asks the Court to transfer the case pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. §1631. Neither statute requires the Court to have personal jurisdiction over Defendants before transferring. See *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 329 (6th Cir. 1993)("section 1406(a) does not require that the district court have personal jurisdiction over the defendants

6

before transferring the case." Citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). See also *Roman v. Ashcroft,* 340 F.3d 314, 328 ("In light of the language of § 1631 and its purpose, we therefore conclude that the statute applies to federal courts identifying any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction.").

Both § 1406(a) and § 1631 require the Court to determine if it is in the interests of justice to transfer a case rather than dismiss.

> Section 1631 provides that if a civil action or appeal is filed in a court lacking jurisdiction, "the court *shall,* if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 (emphasis added). A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) transfer would not be in the interest of justice.

*Roman,* 340 F.3d at 328.

Similarly 28 U.S.C. § 1406(a) reads: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Defendants argue the case should be dismissed for lack of personal jurisdiction; but ask alternatively, that it be transferred to the Southern District of Mississippi.[1] Because the Court finds it lacks personal jurisdiction over Defendants, the Court declines to make any merits determinations found in the parties' Motions to Dismiss and holds that a court with

---

[1] Defendant RC has not joined nor opposed the Motions to Dismiss and has not opposed Gunn's response requesting transfer. In a Joint Status Report filed November 1, 2018 the parties represented that "Plaintiff and Defendant Railroad Controls have agreed to relief to putative class members only."

proper jurisdiction over the parties must be the court to adjudicate such matters. It is left to this Court to determine if the interests of justice favor transfer over dismissal.

Defendants NS and BNSF argue that Gunn knew in May of 2018, with the dismissal of Sterling, that it lacked any arguable basis for personal jurisdiction in this Court. Thus, the interests of justice favor dismissal because Gunn should have foreseen that the Court lacked personal jurisdiction over the remaining Defendants. Furthermore, because Gunn's claims lack merit, dismissal is favored over transfer.

Gunn contends that dismissal without prejudice may prohibit him from asserting his claims because the applicable statute of limitations will have run. The Sixth Circuit has held that "the reasons for transferring a case to a proper forum rather than dismissing 'are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits.'" *Jackson v. L & F Martin Landscape,* 421 F. App'x 482, 484 (6th Cir. 2009); 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 587 (3d ed. 2007). Because the interests of justice are best served by transfer rather than what would likely be the harshest of sanctions as a result of dismissal, the Court denies Defendants' Motions to Dismiss, but transfers the case in its entirety to the Southern District of Mississippi for further adjudication.

**IT IS SO ORDERED.**

**DATE:** 3/7/2019

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**