UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| STEVEN D. GUNN, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>E-VERIFILE.COM, INC., et al.<br><br>Defendants. | CASE NO. 3:19-cv-00176-TSL-LRA<br><br>DISTRICT JUDGE TOM S. LEE<br><br>MAGISTRATE JUDGE LINDA R. ANDERSON |

**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND ORDER CERTIFYING SETTLEMENT CLASS**

Plaintiff, Steven D. Gunn ("Gunn"), on behalf of himself and all others similarly situated, requests that this court enter an order preliminarily approving a class action settlement, certifying a settlement class and approving the proposed settlement class notice. Plaintiff has conferred with Defendants who do not oppose the relief requested in this motion. A supporting memorandum and proposed order are attached.

Respectfully submitted,

*/s/ Christopher Kittell*
Christopher E. Kittell
THE KITTELL LAW FIRM
P. O. Box 568
2464 Church Street, Suite A
Hernando, MS 38632
Tel: (662) 298-3456
Fax: (855) 896-8772
Email: ckittell@kittell-law.com

O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA CO., LPA.
Matthew A. Dooley (0081482)
5455 Detroit Road
Sheffield Village, Ohio  44054

Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@omdplaw.com
*Counsel for Steven Gunn and the putative class*

Case 3:19-cv-00176-TSL-LRA  Document 90  Filed 02/05/20  Page 2 of 19

TABLE OF CONTENTS

MEMORANDUM IN SUPPORT .................................................................................................. 1
I.     HISTORY OF THE CASE ................................................................................................ 1
II.    TERMS OF THE SETTLEMENT .................................................................................... 1
III.   PRELIMINARY CLASS CERTIFICATION ................................................................... 2
   A.   The Settlement Class satisfies Fed. R. Civ. P. 23's prerequisites. ........................ 3
       1.   Numerosity ................................................................................................ 3
       2.   Commonality ............................................................................................. 3
       3.   Typicality .................................................................................................. 4
       4.   Adequacy ................................................................................................... 4
       5.   Predominance and Superiority .................................................................. 5
IV.    STANDARD FOR PRELIMINARY APPROVAL OF THE SETTLEMENT ................. 6
   A.   The proposed settlement was fairly and honestly negotiated, and counsel believes the
        settlement is fair and reasonable. .......................................................................... 7
   B.   Complexity, expense, and likely duration of the litigation ................................... 7
   C.   The stage of the proceedings and the amount of discovery completed ................ 8
   D.   The probability of the Plaintiff's success on the merits ........................................ 8
   E.   The range of possible recovery ............................................................................. 9
   F.   The opinions of the class counsel, class representatives, and absent class members .......... 9
V.     SETTLEMENT ADMINISTRATION AND TERMS. ..................................................... 9
   A.   Third-Party Settlement Administrator ................................................................ 10
   B.   Mailed Notice ...................................................................................................... 11
   C.   Narrow Release ................................................................................................... 11
   D.   Uncashed or Expired Settlement Checks ........................................................... 12
VI.    Final Approval Hearing, Opt-Outs, and Objections ........................................................ 12
VII.   CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Altier v. Worley Catastrophe Response, LLC*,
   No. 11-cv-241, 2012 WL 161824 (E.D. La. Jan. 18, 2012) ...................................................... 10

*Amchem Products, Inc. v. Windsor,*
   521 U.S. 591 (1997) ................................................................................................................ 2, 3, 5

*Birdie v. Brandi's Hope Community Services, LLC*,
   No. 5:17-cv-21, 2018 WL 3650243 (S.D. Miss. Aug. 1, 2018) .................................................. 8

*Cook v. Howard*, 2:11-cv-41,
   2013 WL 943664 n. 4 (S.D. Miss. Mar. 11, 2013) ................................................................... 10

*Cotton v. Hinton*,
   559 F.2d 1326 (5th Cir. 1977) ..................................................................................................... 8

*Duncan v. JPMorgan Chase Bank, N.A.*,
   No. 12-cv-00912, 2015 WL 11623393 (W.D. Tex. Oct. 21, 2015) ............................................. 6

*East Texas Motor Freight Sys. Inc. v. Rodriguez*,
   431 U.S. 395 (1977) ..................................................................................................................... 4

*Hainey v. Parrot*,
   617 F. Supp. 2d 668 (S.D. Ohio 2007) ....................................................................................... 7

*Haley v. Merial, Ltd.*,
   292 F.R.D. 339 (N.D. Miss. 2013) ............................................................................................... 3

*Hill v. Hill Bros. Construction Co., Inc.*,
   No. 3:14-cv-213, 2018 WL 280536 (N.D. Miss. Jan. 3, 2018) ................................................... 7

*In re Catfish Antitrust Litig.*,
   939 F. Supp. 493 (N.D. Miss. 1996) .......................................................................................... 10

*In re Deepwater Horizon*,
   739 F.3d 790 (5th Cir. 2014) ....................................................................................................... 2

*In re Katrina Canal Breaches Litig.*,
   628 F.3d 185 (5th Cir. 2010) ....................................................................................................... 6

*In re Pool Prods. Distribution Market Antitrust Litig.*,
   MDL No. 2328, 2014 WL 7407492 (E.D. La. Dec. 31, 2014) .................................................... 6

*Johnson v. Georgia Hwy. Exp., Inc.*,
   488 F.2d 714 (5th Cir.1974) ........................................................................................................ 9

*Jones v. Singing River Health Services Found.*,
    865 F.3d 285 (5th Cir. 2017) .................................................................................... 7

*Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*,
    164 F.R.D. 428 (N.D. Miss. 1996) ............................................................................ 3

*Lightbourn v. City. of El Paso, Tex.*,
    118 F.3d 421 (5th Cir. 1997) .................................................................................... 3

*Moore Video Distribs., Inc. v. Quest Enter., Inc.*,
    823 F. Supp. 1332 (S.D. Miss. 1993) ....................................................................... 3

*Morrow v. Washington*,
    277 F.R.D. 172 (E.D. Tex. 2011) .............................................................................. 3

*Mullen v. Treasure Chest Casino, LLC*,
    186 F.3d 620 (5th Cir.1999) ..................................................................................... 3

*Neff v. VIA Metropolitan Transit Auth.*,
    179 F.R.D. 185 (W.D. Tex. 1998) ............................................................................. 8

*Pederson v. La. State Univ.*,
    213 F.3d 858 (5th Cir. 2000) .................................................................................... 3

*Reed v. Gen. Motors Corp.*,
    703 F.2d 170 (5th Cir. 1983) .................................................................................... 6

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) .................................................................................................... 8

*Shaw v. Toshiba Am. Info. Sys., Inc.*,
    91 F. Supp. 2d 942 (E.D. Tex. 2000) ................................................................ 10, 12

*Stirman v. Exxon Corp.*,
    280 F.3d 554 (5th Cir. 2002) .................................................................................... 4

*Sullivan v. DB Inv., Inc.*,
    667 F.3d 273 (3d Cir. 2011) ................................................................................... 10

*Unger v. Amedisys Inc.*,
    401 F.3d 316 (5th Cir. 2005) .................................................................................... 5

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
    669 F.3d 632 (5th Cir.2012) ..................................................................................... 6

**Statutes**

15 U.S.C. §1681 ................................................................................................................ 1

15 U.S.C. § 1681b(b)(3) ............................................................................................................... 5

15 U.S.C. § 1681g(c)(3) ............................................................................................................... 2

15 U.S.C. § 1681n ............................................................................................................... 5, 8, 10

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................................iii, 2

Rule 23(a) ..................................................................................................................................... 2

Rule 23(a)(1) ................................................................................................................................ 3

Rule 23(a)(2) ................................................................................................................................ 3

Rule 23(a)(3) ................................................................................................................................ 4

Rule 23(a)(4) ................................................................................................................................ 4

Rule 23(b) ..................................................................................................................................... 2

Rule 23(b)(3) ............................................................................................................................ 3, 5

Rule 23(e) ..................................................................................................................................... 6

**Other Authorities**

4 Newberg on Class Actions §§ 13.14 ........................................................................................ 6

# MEMORANDUM IN SUPPORT[1]

## I. HISTORY OF THE CASE

Gunn filed this action on February 26, 2018 alleging that Defendants Sterling Infosystems-Ohio, Inc., Sterling Infosystems, Inc., Canadian National Railway Company, BNSF Railway Company, Norfolk Southern Railway Company, E-Verifile.com, Inc. and Railroad Controls, LP., violated the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). On July 2, 2019, Plaintiff filed an Amended Complaint (Doc. 86) clarifying his legal theories after previously dismissing Defendants Sterling Infosystems-Ohio, Inc. and Sterling Infosystems, Inc. on May 9, 2018, and Defendant Canadian National Railway Company on February 1, 2019, and transferring this case to the Northern District of Mississippi on March 11, 2019. On October 16, 2018, the Parties participated in an all-day settlement conference in Chicago, Illinois with Hon. Morton Denlow (Ret.), JAMS, which initially was unsuccessful. Following multiple post-mediation conferences, the Parties ultimately reached a class settlement, the terms and conditions of which are set forth in the executed Settlement Agreement and Release attached hereto as Exhibit A.

## II. TERMS OF THE SETTLEMENT

Under the Settlement, Gunn and the proposed settlement class would fully, finally, and forever resolve, discharge, and release their claims against Released Defendants in exchange for cash payments made to Settlement Class Members during the class period, without admission of liability by Released Defendants, plus attorneys' fees and costs to Class Counsel, not to exceed $203,333.33, and a service award to the Plaintiff not to exceed $2,000.00.

---

[1] Capitalized terms used herein without definition have the meanings given in the Settlement Agreement and Release (Doc. 90-1)

1

### III. PRELIMINARY CLASS CERTIFICATION

The Parties are requesting certification of the following Settlement Class:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who authorized e-Verifile to obtain a consumer report for employment purposes between February 1, 2017 and November 30, 2018 and (a) such consumer report included at least one criterion for denial of access to any property of one or more Railroads or their respective corporate affiliates; (b) any Defendant relying on such consumer report, in whole or in part, took adverse action against such person and/or denied access to one or more properties of the Railroads; and (c) any Defendant did not provide such person with a copy of their e-Verifile consumer report and a description in writing of the rights of such person under 15 U.S.C. § 1681g(c)(3) before taking such adverse action and/or denying such access to one or more properties of the Railroads.

Additionally, the Parties are requesting the certification of the following subclasses:

| No Appeal Subclass | Unsuccessful Appeal Subclass | Successful Appeal Subclass | RC Subclass |
|---|---|---|---|
| All members of the Settlement Class who did not appeal a decision by any Defendant to deny them access to their property or the property of their corporate affiliates. | All members of the Settlement Class who unsuccessfully appealed a decision by any Defendant to deny them access to its property or the property of its corporate affiliates. | All members of the Settlement Class who successfully appealed a decision by any Defendant to deny them access to their property or the property of their corporate affiliates. | All members of the Settlement Class who were denied access to RC's property or the property of its corporate affiliates. |

In deciding whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Federal Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *In re Deepwater Horizon*, 739 F.3d 790, 818 (5th Cir. 2014), cert. denied, 135 S. Ct. 754 (2014); *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620 (1997).

2

**A. The Settlement Class satisfies Fed. R. Civ. P. 23's prerequisites.**

1. Numerosity

There are approximately 7,321 potential Settlement Class Members nationwide, which renders joinder impracticable. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir.1999) (suggesting that any class consisting of more than forty members "should raise a presumption that joinder is impracticable"). The Fifth Circuit has held that a class consisting of 100 to 150 members is "within the range that generally satisfies the numerosity requirement." *Morrow v. Washington*, 277 F.R.D. 172, 190 (E.D. Tex. 2011); *Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*, 164 F.R.D. 428, 434 (N.D. Miss. 1996) (finding a class size of 241 clearly met numerosity) (citing *Moore Video Distribs., Inc. v. Quest Enter., Inc.*, 823 F. Supp. 1332, 1339 (S.D. Miss. 1993). Thus, the Rule 23(a)(1) numerosity requirement is met. *See Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999), cert. denied, 528 U.S. 1159 (2000) (numerosity satisfied where it would be difficult or inconvenient to join all of the class members).

2. Commonality

The threshold for commonality under Rule 23(a)(2) is not high. Indeed, the commonality requirement is "subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to class predominate over other questions." *Haley v. Merial, Ltd.*, 292 F.R.D. 339, 353, n. 9 (N.D. Miss. 2013) (citing *Amchem Prods.*, 521 U.S. at 609). The bar for proving commonality is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. *Lightbourn v. City. of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997), cert. denied, 522 U.S. 1052 (1998). In this case, the class members and the named plaintiff share common factual issues in that they were denied access to railroad

3

properties based on background screening through the e-RAILSAFE program. The named plaintiff and the class members also assert common legal claims under the FCRA. Commonality is therefore satisfied.

3. <u>Typicality</u>

Plaintiff's claims are typical of the Settlement Class for purposes of this settlement because they concern the same alleged practices, arise from the same legal theories, and allege the same types of entitlement to relief under the FCRA. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (for the typicality prong, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class.") Thus, Rule 23(a)(3)'s typicality requirement is met.

4. <u>Adequacy</u>

Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *Id.* at 563. A class representative must be part of the class and possess the same interest and suffer the same injury as the other class members. *E.g.*, *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citations omitted).

Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Settlement Class. Indeed, Plaintiff alleges the same injuries under the same legal theories as the other class members. Moreover, Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel regularly engage in consumer class litigation and other complex litigation similar to the present action and have vigorously and competently represented the Settlement Class Members' interests in this case.

5. <u>Predominance and Superiority</u>

This matter is properly certified under Rule 23(b)(3), which requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005) ("Predominance" is satisfied where questions of law or fact common to the members of the class "predominate over any questions affecting only individual members."). The alleged common questions of law and fact applicable to the class as a whole predominate over any issues that would require individualized proof, including, *inter alia*, (a) whether Plaintiff and the class members were denied access to Defendants' properties based on a consumer report obtained for employment purposes; (b) whether Plaintiff and the class members were entitled to and received the requisite pre-adverse action notice required under 15 U.S.C. § 1681b(b)(3); and (c) whether Defendants' conduct constitutes a violation of 15 U.S.C. § 1681b(b)(3). Accordingly, predominance is met here.

Likewise, this class action is the superior method of adjudicating the class members' claims. *See Amchem Prods., Inc.*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.") Here, each individual claimant seeks statutory damages between $100 and $1,000 under 15 U.S.C. § 1681n, which pales in comparison to the costs of protracted discovery and litigation. Moreover, because the Court is confronted with a request for settlement-only certification, it "need not inquiry whether the case, if tried, would present intractable management problems." *Id.* at 620. The Settlement Class therefore satisfies the requirements under Rule 23(b)(3).

## IV.     STANDARD FOR PRELIMINARY APPROVAL OF THE SETTLEMENT

At the preliminary approval stage, the Court evaluates "whether the Settlement is within the 'range of reasonableness'". *Duncan v. JPMorgan Chase Bank, N.A.*, No. 12-cv-00912, 2015 WL 11623393, at *3 (W.D. Tex. Oct. 21, 2015) (quoting 4 Newberg on Class Actions §§ 13.14-15 (5th ed. 2014)). Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason. Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *Id.* at § 13.14. "If the proposed settlement discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to the attorneys, and appears to fall within the range of possible approval, the court should grant preliminary approval." *In re Pool Prods. Distribution Market Antitrust Litig.*, MDL No. 2328, 2014 WL 7407492, at *12 (E.D. La. Dec. 31, 2014) (citations omitted).

The Fifth Circuit has identified six (6) factors to be considered in analyzing the fairness, reasonableness, and adequacy of a class settlement under Rule 23(e): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n. 11 (5th Cir.2012) (quoting *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)); *see also In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 194-95 (5th Cir. 2010). All of these factors favor approval of the settlement in this case.

### A. The proposed settlement was fairly and honestly negotiated, and counsel believes the settlement is fair and reasonable.

The fairness inquiry ensures that "the settlement was reached as a result of good-faith bargaining at arm's length, without collusion." *See Jones v. Singing River Health Services Found*., 865 F.3d 285, 295 (5th Cir. 2017). The settlement was the result of arms-length negotiations with the assistance of mediator Hon. Morton Denlow (Ret.). *See Hainey v. Parrot*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually ensures that the negotiations were conducted at arm's length and without collusion between the parties.")

The Parties also agree that the settlement is fair and reasonable. *See Hill v. Hill Bros. Construction Co., Inc.*, No. 3:14-cv-213, 2018 WL 280536, *3 (N.D. Miss. Jan. 3, 2018) ("The trial court is entitled to rely upon the judgment of experienced counsel for the parties."). Under the Agreement, the class members are entitled to a sizable monetary recovery. Class Counsel are experienced FCRA class action practitioners and firmly believe that the settlement is fair and reasonable and in the best interests of the class. Thus, considering the risks associated with litigating this matter, the meaningful arms-length settlement discussions, and an experienced mediator's and the parties' approval, the fairness factors weigh in favor of preliminary approval. Because the settlement was negotiated at arm's length in this manner, there was no fraud or collusion in reaching the settlement.

### B. Complexity, expense, and likely duration of the litigation

While the allegations in this case cannot be considered complex, the resources needed to prove willfulness would be significant. Indeed, Class Counsel has litigated dozens of FCRA cases and is therefore well-positioned to evaluate the time and discovery necessary to prove willfulness. *See* Declaration of Matthew A. Dooley. Further, the cost and duration of a two- to three-week jury

7

trial would be considerable. *See Birdie v. Brandi's Hope Community Services, LLC*, No. 5:17-cv-21, 2018 WL 3650243, *3 (S.D. Miss. Aug. 1, 2018).

### C. The stage of the proceedings and the amount of discovery completed

At this juncture, this case has been pending for 23 months and the Parties have exchanged sufficient information to effectively evaluate their respective strengths and weaknesses. *See Neff v. VIA Metropolitan Transit Auth.*, 179 F.R.D. 185, 209 (W.D. Tex. 1998) (recognizing that the Parties must "have sufficient information to make an informed and reasonable evaluation of settlement") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1332-33 (5th Cir. 1977)). Thus, this factor weighs in favor of preliminary approval.

### D. The probability of the Plaintiff's success on the merits

Defendants continue to dispute the merits of Plaintiff's and the class members' claims. Because the class seeks statutory and punitive damages, Gunn must prove that Defendants willfully violated the FCRA. 15 U.S.C. § 1681n. Thus, the class still faces the burden of proving that Defendants' misconduct was knowing or reckless at trial. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 60 (2007). There also remains uncertainty regarding the class members' damages where the FCRA limits statutory damages from $100 to $1,000 per class member. 15 U.S.C. § 1681n.

While Gunn believes strongly in his case, he also appreciates the litigation risk presented by Defendants' defenses. Given the potential risk and expense associated with continued litigation, the uncertainty of recovery at trial, and the possibility of protracted appeals, the proposed settlement is clearly adequate and warrants approval. *Neff*, 179 F.R.D. at 210 ("the Court finds sufficient risk to each side that the outcome of continued litigation is unpredictable and the substantial risk to each side as to the ultimate outcome strongly favors settlement.")

### E. The range of possible recovery

Under the Agreement, Class Counsel successfully negotiated gross per-class-member recovery up $400.00, which exceeds the statutory maximum under the FCRA. And the net amount of per-class-member recovery is expected to range from $119.00 to $254.00— all above the statutory minimum of $100 that a jury could award even if the class was successful. Thus, this factor weighs in favor of preliminary approval.

### F. The opinions of the class counsel, class representatives, and absent class members

The Parties believe this case would be the subject of prolonged litigation and lengthy appeals had it not settled. The Parties believe the Settlement is fair because the Settlement provides a significant amount of compensation to the Settlement Class Members, and the Parties believe there is a significant risk in this case of not prevailing due to certain defenses raised by Defendants.

## V. SETTLEMENT ADMINISTRATION AND TERMS.

Under the Agreement, BNSF Railway Company, Norfolk Southern Railway Company and e-Verifile.com will cumulatively make a one-time settlement payment of $600,000.00 and RC will deposit a one-time settlement payment of $10,000.00 for a total amount of $610,000.00 (the "Settlement Funds") to be deposited into an account within thirty (30) calendar days of the Court's preliminary approval of the Settlement. (Ex. 1, ¶ 8.1). This amount will be inclusive of attorney's fees and costs, a service award to Gunn, payments to class members, and all costs of notice and claims administration of the Settlement. (Ex. 1, ¶ 8). Class Counsel may seek approval of fees up to one-third (1/3) of the Settlement Funds. (Ex. 1, ¶ 8.2.1). Class Counsel expects their time and expense billing will exceed $203,333.33 prior to conclusion of this case. Counsel will submit a fee petition with detailed billing records and all the prongs necessary for the Court to consider at the final approval hearing in accordance with the *Johnson* test. *See Johnson v. Georgia Hwy. Exp.,*

*Inc.*, 488 F.2d 714, 717 (5th Cir.1974). Named Plaintiff will request court approval for a payment of $2,000.00 each for his service as class representative. Service awards "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Altier v. Worley Catastrophe Response, LLC*, No. 11-cv-241, 2012 WL 161824, *15 (E.D. La. Jan. 18, 2012) (quoting *Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 333 n. 65 (3d Cir. 2011)). "It is not unusual for a court to make an 'incentive award' to named plaintiffs because of their sacrifices in pursuit of litigation on behalf of the class." *Cook v. Howard*, 2:11-cv-41, 2013 WL 943664, at *3 n. 4 (S.D. Miss. Mar. 11, 2013) (quoting *In re Catfish Antitrust Litig.*, 939 F. Supp. 493, 503-04 (N.D. Miss. 1996)). Courts have consistently found service awards to be an efficient and productive way to encourage members of a class to become class representatives. *In re Catfish Antitrust Litig.*, 939 F. Supp. at 504 ("approving incentive awards of $10,000 to each of the four named plaintiffs"); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973 (E.D. Tex. 2000) ("approving incentive awards of $25,000 to each of two named plaintiffs").

The Parties will retain American Legal Claim Services, LLC to handle notice and claims administration. The cost of notice and administration is estimated to be $28,694.00.

There are approximately 7,321 class members. All class members who do not opt out and fill out a claim form will receive a check in the gross amount, which will exceed the statutory minimum provided under the FCRA. *See* 15 U.S.C. § 1681n (permitting statutory damages between $100 and $1,000).

### A. Third-Party Settlement Administrator

Class Counsel will hire a third-party class action settlement administrator, American Legal Claim Services, LLC (the "Settlement Administrator"), to oversee the administration of the settlement and the notification to class members. (Ex. 1, ¶ 1.27). The Settlement Administrator

will be responsible for mailing the approved class action notices and settlement checks to the class members.

### B. Mailed Notice

On or before the Notice Date, the Settlement Administrator shall cause the Notices attached as Exhibits A, B, C and D to the Stipulation of Settlement to be sent via first class U.S. mail, postage prepaid requesting either forwarding service or change service to each Settlement Class member identified on the Class List. The Settlement Administrator will use the class list provided by Defendants. The Settlement Administrator will send the appropriate class notice to each class member no later than 60 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. (Ex. 1, ¶ 1.33). In addition to the Notice plan, the Settlement Administrator will establish a settlement website containing relevant information such as the Settlement Agreement, the Mail Notice, Preliminary Approval Order, and contact information for the Settlement Administrator. (Ex. 1, ¶ 4.2.5).

### C. Narrow Release

The scope of the release to which each class member would be bound was a substantial point of negotiation. The Settlement Agreement narrowly tailors the release to be provided by class members so that it is limited to the claims and issues in this case.

Class members will release Defendants and related persons from all claims resulting from, arising out of, or in any way connected to Defendants obtaining or using a criminal background, e-Railsafe reports, or other consumer report information related to the class members' application for employment or access to railroad property. The class has agreed to this release in exchange for the cash payments available under the Settlement Agreement, which are intended to compensate

class members for any possible harm that they might have alleged in this case had it proceeded to trial.

### D. Uncashed or Expired Settlement Checks

Settlement Checks that are returned, undeliverable, or remain uncashed for sixty (60) days from the date upon which they were mailed class members will have no legal or monetary effect. Any remaining uncashed funds will be distributed to approved cy pres beneficiaries. (*Id.*) No amount of the Settlement Funds will revert to Defendants.

## VI. Final Approval Hearing, Opt-Outs, and Objections

The parties' proposed Preliminary Approval Order directs that a Final Approval Hearing will be scheduled for after the class notice is distributed, and the parties and objectors have had time to file briefs regarding the settlement. The Parties have proposed that the Court consider Class Counsel's fee application and Plaintiff's requested service award at that time.

## VII. CONCLUSION

For the reasons stated above, the Court should enter an order preliminarily approving the Parties' proposed class settlement, certifying the proposed settlement class and subclasses, and approving the proposed class settlement notices. Plaintiff's proposed Preliminary Approval Order is attached as Exhibit 2.

Respectfully Submitted:

*/s/ Christopher Kittell*
Christopher E. Kittell
THE KITTELL LAW FIRM
P. O. Box 568
2464 Church Street, Suite A
Hernando, MS 38632
Tel: (662) 298-3456
Fax: (855) 896-8772

        Email: ckittell@kittell-law.com

        O'TOOLE, McLAUGHLIN, DOOLEY
        & PECORA CO., LPA.
        Matthew A. Dooley
        5455 Detroit Road
        Sheffield Village, OH 44054
        Tel: (440) 930-4001
        Fax: (440) 934-7208
        Email:  mdooley@omdplaw.com
        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Christopher Kittell, attorney for Plaintiff, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys registered to receive ECF notices on this matter.

This the 5th day of February 2020.

        */s/ Christopher Kittell*
        Christopher E. Kittell
        *Counsel for Plaintiff*