```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

STEVEN D. GUNN, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED                        PLAINTIFF

VS.                        CIVIL ACTION NO. 3:19-cv-176-TSL-LRA

E-VERIFILE.COM, ET AL.                                  DEFENDANTS

ORDER

Plaintiff Stephen D. Gunn, on behalf of himself and all others similarly situated, has filed a Motion for Final Approval of Class Action Settlement, Approval of Incentive Award to Plaintiff, and Award of Attorneys' Fees and Expenses to Class Counsel. The motion is unopposed. The court, having considered the motion, accompanying brief and affidavits, and presentation of counsel at the fairness hearing conducted on August 11, 2020, concludes that the motion should be granted.

Proceedings

Plaintiff Stephen D. Gunn, individually and on behalf of others similarly situated, brought this action against several defendants, including e-Verifile.com, BNSF Railway Company, Norfolk Southern Railway Company, Canadian National Railway Company, and Railroad Controls, LP, alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. Plaintiff alleged, more particularly, that defendants failed to provide proper notice to applicants when denying employment

1

based upon an adverse consumer report, in violation of notification procedures required by the FCRA, specifically 15 U.S.C. § 1681k(a)(1), 15 U.S.C. § 1681b(b)(3), and failed to follow reasonable procedures to assure maximum possible accuracy, as mandated by § 1681e(b).  In October 2018, the parties participated in mediation with the retired Hon. Magistrate Judge Morton Denlow of JAMS, Chicago.  Although the parties did not reach a settlement during the mediation, continued settlement discussions following the formal mediation eventually led to an agreement regarding settlement of the putative class claims.  A settlement agreement was executed in December 2019, under the terms of which Gunn and the class would fully, finally, and forever resolve, discharge, and release their claims against defendants in exchange for defendants' establishment of a $610,000 settlement fund to provide for cash payments to individual class members ranging from $257.92 to $400, gross; a $2,000 incentive service award to Gunn as class representative; and attorneys' fees and costs to class counsel, not to exceed $203,333.33, or one-third of the recovery.

   On February 5, 2020, the parties moved pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement and for certification of a settlement class.  By order entered March 16, 2020, the court, following a preliminary assessment of the fairness, reasonableness, and

adequacy of the parties' proposed agreement, preliminarily approved the settlement, preliminarily certified the class for settlement purposes,[1] appointed Steven D. Gunn as the class representative, and appointed plaintiff's counsel as class counsel. The court's order provided for notice to class members, in the manner, form and substance approved by the court in accordance with Rule 23(c)(2)(B), and directed that class members would have 60 days from the mailing of the notice to opt out of the settlement or to object to the settlement or to the request by class counsel for an award of attorneys' fees and expenses. In accordance with Federal Rule of Civil Procedure 23(e)(2), the court set a fairness hearing for August 11, 2020 at 10:00 a.m. to address whether the settlement agreement should be finally approved.

---

[1] As set forth in the order, the class is defined as: All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who authorized e-Verifile to obtain a consumer report for employment purposes between February 1, 2017 and November 30, 2018 and (a) such consumer report included at least one criterion for denial of access to any property of one or more Railroads or their respective corporate affiliates; (b) any Defendant relying on such consumer report, in whole or in part, took adverse action against such person and/or denied access to one or more properties of the Railroads; and (c) any Defendant did not provide such person with a copy of their e-Verifile consumer report and a description in writing of the rights of such person under 1681g(c)(3) before taking such adverse action and/or denying such access to one or more properties of the Railroads.

On July 31, 2020, in advance of the scheduled fairness hearing, plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement, Approval of Incentive Award of Plaintiff, and Award of Attorneys' Fees and Expenses to Class Counsel.  By this motion, which defendants have confirmed is unopposed, plaintiff requests final certification of the settlement class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the parties' proposed class action settlement.  On August 11, 2020, this court held a fairness hearing via telephone, during which class counsel summarized the nature of the claims, proceedings to date and terms of the settlement.

Approval Standards

Pursuant to Federal Rule of Civil Procedure 23(e), the claims of a certified class may be settled only with the court's approval.  Rule 23(e)(2) provides that the court may approve a class settlement

> only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

4

>   (iii) the terms of any proposed award of
>   attorney's fees, including timing of payment; and
>   (iv) any agreement required to be identified
>   under Rule 23(e)(3); and
> (D) the proposal treats class members equitably
> relative to each other.

The Fifth Circuit requires that district courts exercise vigilance in scrutinizing proposed settlements of class actions "to consider whether the settlement is fair, adequate, and reasonable, and not a product of collusion," Jones v. Singing River Health Servs. Found., 865 F.3d 285, 293 (5th Cir. 2017) (internal quotation marks and citation omitted), and has established six factors that district courts must consider in determining the appropriateness of a proposed settlement:

> (1) the existence of fraud or collusion behind the
> settlement; (2) the complexity, expense, and likely
> duration of the litigation; (3) the stage of the
> proceedings and the amount of discovery completed; (4)
> the probability of plaintiffs' success on the merits;
> (5) the range of possible recovery; and (6) the
> opinions of the class counsel, class representatives,
> and absent class members.

Reed v. Gen. Motors Corp., 703 F.2d 170, 172 (5th Cir. 1983) (citation omitted).

### Analysis

The material terms of the settlement agreement, which is incorporated herein, include, but are not limited to, the following:

5

    a.    The $610,000 Settlement Fund shall be distributed as follows:

        i.    Each RC Subclass member will be entitled to receive an automatic gross sum of $250.00, which Class Counsel estimates to be approximately $151.29 after a pro rata deduction from the Settlement Fund for attorney fees, costs and an incentive award as set forth herein.

        ii.    Each No Appeal Subclass member who timely filed a claim form will be entitled to receive a gross sum of $257.92, which Class Counsel estimates to be approximately $156.57 after a pro rata deduction from the Settlement Fund for attorney fees, costs and an incentive award as set forth herein.

        iii. Each Successful Appeal Subclass member will be entitled to receive a gross sum of $325.00, which Class Counsel estimates to be approximately $201.29 after a pro rata deduction from the Settlement Fund for attorney fees, costs and an incentive award as set forth herein.

        iv.   Each Unsuccessful Appeal Subclass member will be entitled to receive a gross sum of $400.00, which Class Counsel estimates to be approximately $251.29 after a pro rata deduction from the Settlement Fund for attorney fees, costs and an incentive award as set forth herein.

    b.    The Class Representative shall receive an incentive award of service payment of $2,000.00.

    c.    Class counsel shall receive $203,333.00 for the reimbursement of attorney fees and $11,197.91 for expenses, to be paid from the Settlement Fund;

    d.    If a settlement check mailed to Class Members is returned as undeliverable or otherwise not cashed before becoming stale or void, the Parties shall move the Court to disburse the remaining funds to a *cy pres* beneficiary.

Having considered all the relevant factors -- those set forth in Reed and in Rule 23(e)(2) -- the court finds that the settlement is fair, reasonable and adequate and should be finally approved.[2]

The record reflects that plaintiff Gunn and class counsel have adequately represented the class. The proposed settlement was negotiated at arm's length, with the assistance of retired Hon. Magistrate Judge Denlow, and there is no hint of fraud or collusion between the parties. The parties and counsel agree that the settlement is fair and reasonable. This litigation has been ongoing for two years, giving the parties ample time and opportunity to discern the important issues, to evaluate and adjust their positions, and to weigh the risks and benefits of settlement versus going forward with the litigation. They believe this settlement is in the best interest of everyone, most importantly, the class members. Notably, class action

---

[2] Approval of a settlement in a class action necessarily requires the court to determine if the proposed class is a proper class for settlement purposes. Telles v. Midland Coll., No. 7:17-CV-00083, 2018 WL 7352424, at *2 (W.D. Tex. Sept. 7, 2018) (citation omitted). The court, by its order of March 16, preliminarily certified a settlement class. The court now expressly finds that the class, as defined by the court's order, satisfies Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation, and further finds that the requirements of Rule 23(b)(3) are satisfied, in that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

notices were mailed to class members in conformity with the court's preliminary approval order, and there has been no objection by any class member to the settlement, or any term thereof.[3]  Moreover, class counsel, experienced FCRA class action litigators, firmly believe the settlement is fair and reasonable and in the best interests of the class, given the potential risk and expense associated with continued litigation, the uncertainty of recovery at trial and the possibility of protracted appeals.  The FCRA, at 15 U.S.C. § 1681n, provides for recovery of actual damages "of not less than $100 and not more than $1,000" for a willful violation of the Act.  The proposed settlement provides plaintiffs with a recovery within that range.  Class counsel reasonably predicts that if litigation were to proceed, significant time and discovery would likely be required to obtain proof of willfulness, an essential element of proof for any recovery under the statute, to be followed by the added time and cost of what would likely be a two- to three-week trial, all with an uncertain outcome.  Given these facts, the court is satisfied that the proposed settlement should be granted final approval, including the provisions for a

---

[3]  Plaintiff reports that 91% of the 7,353 notices mailed were successfully delivered to class members.  None of the 6,720 class members who received notice has opted out or objected to the proposed settlement.

$2,000 incentive award for Gunn, as class representative, and attorneys' fees and costs totaling $203,333.33.

"'Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval.'" Jenkins v. Trustmark Nat. Bank, 300 F.R.D. 291, 307 (S.D. Miss. 2014) (quoting Camden I Condo. Ass'n, Inc. v. Dunkle, 946 F.2d 768, 771) (11th Cir. 1991).  In such cases, the Fifth Circuit has endorsed the use of a percentage-of-the-fund approach for calculating attorneys' fees, and in this circuit, district courts regularly use this method by which the court awards fees as a reasonable percentage of the common fund.  Id. (citing Union Asset Mgmt. Holding A.G. v. Dell, Inc., 669 F.3d 632, 642-44 (5th Cir. 2012) (observing that this method of fee computation "allows for easy computation" and "aligns the interests of class counsel with those of the class members."). When this method is used, however, the court must use the Johnson framework as a cross-check to ensure that the fee awarded is reasonable and that class counsel do not receive a windfall.  Dell, 669 F.3d at 643.  While there is no general rule as to what is a reasonable percentage, "'awards commonly fall between a lower end of 20% and an upper end of 50%.'" Jenkins, 300 F.R.D. at 307 (quoting Smith v. Tower Loan of Miss., Inc., 216 F.R.D. 338, 368 (S.D. Miss. 2003)).  "'[I]t is

9

Case 3:19-cv-00176-TSL-LRA   Document 97   Filed 08/13/20   Page 10 of 13

not unusual for district courts in the Fifth Circuit to award percentages of approximately one third.'" Id. (quoting Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 729 (E.D. La. 2008)).

In the court's opinion, the fee award requested by counsel is reasonable and should be approved. The Johnson factors, which the court uses when it awards fees based on a lodestar approach, and which it uses as a cross-check in this case, are (1) the time and labor required for the litigation; (2) the novelty and complexity of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was longstanding; and (12) awards made in similar cases. Johnson v. Georgia Hwy. Exp., 488 F.2d 714, 717–19 (5th Cir. 1974).

Class counsel have provided evidence of their customary hourly rates and billing records which set forth time spent on broad categories of services performed in this case. These records reflect that class counsel have expended approximately

10

402 hours to date, resulting in a lodestar fee of $172,101.50 based on their customary hourly rates. Counsel may be expected to spend additional time facilitating payments to class members. Costs to date total $11,197.91.

The billing records provided do not include the level of detail typically required for a lodestar analysis, but they do provide sufficient information to allow this court to conclude with reasonable assurance that the amount of time spent on the services performed is reasonable and not excessive. Moreover, the court considers that the experience, reputation and ability of the attorneys support the hourly rates they seek. The fee was contingent and the case imposed time constraints on counsel, who represent that they were forced to forego other employment while working on this matter. While counsel contend the case was complex, it does not seem to the court that this was more complex than the cases these attorneys normally handle. In fact, counsel advise that they "have developed a niche for such claims with well over a decade of successful results, and a commitment to aggrieved consumers"; and it is their expertise in this specific type of litigation that leads the court to conclude that their requested hourly rates are warranted. Counsel also assert that the case was undesirable because of the risk involved; but that risk is accounted for in the acknowledgement of the contingent nature of the fee arrangement.

The most important of the Johnson factors is the results obtained. Counsel note that the settlement they have achieved represents a solid result that provides direct monetary benefits to class members who, but for the settlement, could well have proceeded all the way through trial, won, and still recovered less than what they will recover under the settlement or who could have lost and been left with no recovery at all.

On balance, the Johnson factors support a lodestar for work performed to date that is somewhat (though not appreciably) less than the amount requested  as a percentage of the settlement fund; and considering that counsel will be required to expend additional time facilitating payments to class members, which would increase the lodestar, the court is persuaded that the recovery of a one-third percentage of the settlement fund as fees for class counsel is reasonable and should be allowed.

Conclusion

Based on the foregoing, the court orders the following:

Plaintiff's motion for final approval of class action settlement is granted as being fair, reasonable and adequate;

Plaintiff's request for approval of a $2,000 incentive award to plaintiff is granted;

Plaintiff's request for an award of attorneys' fees and costs totaling $203,333.33 is granted;

This order is binding on all class members;

Class representative Gunn, class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Settlement Agreement.  Pursuant to the release contained in the Settlement Agreement, the released claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order;

This lawsuit is hereby dismissed with prejudice in all respects;

This order is not, and shall not be construed as, an admission by defendants of any liability or wrongdoing in this or in any other proceeding;

The Court retains continuing and exclusive jurisdiction over the parties and all matters relating to this lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 13th day of August, 2020.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE